**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOHN LEICHT, on behalf of himself and all others similarly situated<br><br>　　　　Plaintiff - Appellant,<br><br>v.<br><br>THE SOUTHWEST CARPENTERS PENSION PLAN, an ERISA pension plan,<br><br>　　　　Defendants - Appellees. | No. 13-55715<br><br>D.C. No. 8:12-cv-00354-SJO-PLA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted May 7, 2015
Pasadena, California

Before: BEA and FRIEDLAND, Circuit Judges and RICE,[**] District Judge.

---

[*]	This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]	The Honorable Thomas O. Rice, United States District Judge for the Eastern District of Washington, sitting by designation.

John Leicht appeals the district court's order granting summary judgment to the Southwest Carpenters Pension Plan ("Plan").[1] Where an ERISA plan grants discretionary authority to determine eligibility for benefits or to construe the terms of the plan, we review the administrator's interpretation for abuse of discretion and the district court's application of this standard de novo. *Tapley v. Locals 302 & 612 of the Int'l Union of Operating Eng'rs-Emp'rs Constr. Indus. Ret. Plan*, 728 F.3d 1134, 1139 (9th Cir. 2013). We review de novo whether the terms of an ERISA plan are plain or ambiguous. *McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1110 (9th Cir. 2000). Because the Plan's interpretation of its provisions was "not grounded on *any* reasonable basis," *see Tapley*, 728 F.3d at 1139, we reverse.

Interpreting the term "building inspector" as would a person of average intelligence and experience, *see id.* at 1140, we conclude that the term is unambiguous and that the Plan abused its discretion when it arbitrarily construed the term to mean only publicly-employed building inspectors. "The Trustees' interpretation need not be the one this court would have reached, but only an interpretation which has rational justifications." *Id.* at 1139-40 (alterations

---

[1] Leicht also appeals the district court's orders denying Leicht's motions to compel discovery and to certify a class action. In regards to class certification, Leicht abandoned this issue at oral argument; thus, we **AFFIRM** the district court's denial. In regards to Leicht's discovery requests, because our holding obviates the need for such discovery, we decline to reach this issue.

omitted). The Plan provided no rational justification, either in its briefing or at oral argument, for interpreting the term to encompass only inspectors formally employed by a public entity. We must necessarily reject such an arbitrary interpretation. *See id.* at 1143.

Accordingly, because the Plan abused its discretion when it arbitrarily interpreted the term "building inspector" and suspended Leicht's benefits on this basis, we **REVERSE** the district court's ruling and instruct it to enter judgment in favor of Leicht.

Costs on appeal are awarded to Appellant.

**AFFIRMED in part, and REVERSED in part.**